UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 29 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 01C 5006 |
| v. ) | Magistrate Judge |
| Michael J. Williams, ) | MAGISTRATE JUDGE KEYS |
| Defendant ) | MAGISTRATE GENERAL |

## COMPLAINT

The United States of America, by SCOTT R. LASSAR, United States Attorney for the Northern District of Illinois, brings this action against the defendant, Michael J. Williams, and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the jurisdiction of this court.

3. Pursuant to the provisions of Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 - 1087ii, the defendant executed promissory note(s) as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibit "A". A copy of the note(s) is attached hereto as Exhibit "B".

4. Although demand has been made for payment, there remains due and owing the principal sum of $2,908.82, plus interest to November 20, 1998 in the sum of $1,847.44 at 8.000% per annum from date of default.

DOCKETED
JUN 29 2001

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a. in the amount of $4,756.26 ($2,908.82 principal and $1,847.44 interest accrued through November 20, 1998, and administrative/penalty charges of $.00);

b. interest to continue to accrue at the rate of 8.000% per annum until the date of judgment;

c. interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

d. costs of suit, including but not limited to, a filing fee of $150.00, as authorized by 28 U.S.C. § 2412(a)(2), and

e. for such other proper relief as this court may deem just.

Respectfully submitted,

SCOTT R. LASSAR
United States Attorney

By: MARGARET M. KEEN
Attorney for Plaintiff
TELLER, LEVIT & SILVERTRUST, P.C.
11 E. Adams Street -- Suite 800
Chicago, IL 60603
312-922-3030

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Michael Williams
AKA: Michael J. Williams
250 W. 110th St.
Chicago, IL 60628

SS:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/20/98.

On or about, 01/02/87, the borrower executed promissory note(s) to secure loan(s) of $2500.00, from Citicorp Savings, Federal S and L Association, Chicago, IL at 8 percent interest per annum. This loan obligation was guaranteed by Illinois Student Assistance Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $ 0.00 to the outstanding principle balance owed on the loan(s). The borrower defaulted on the obligation on 05/01/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $ 2908.82 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 03/08/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $ 220.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2908.82 |
| Interest: | $1847.44 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 11/20/98: | $4756.26 |

Interest accrues on the principal shown here at the rate of $0.64 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/25/98    Name: [signature]
Title:    Loan Analyst
Branch: Litgation Branch

PLAINTIFF'S EXHIBIT NO. "A"

# IGLP PROMISSORY NOTE

**ILLINOIS GUARANTEED LOAN PROGRAM (IGLP)**
(an activity of the Illinois State Scholarship Commission)
106 WILMOT ROAD — DEERFIELD, IL 60015
312/945-7040

371-73444

APPLICATION I.D. NUMBER: 1387818
FOR AGENCY USE ONLY

**LENDER NAME, ADDRESS, PHONE NUMBER**
CITICORP SAV. FED S&L ASSN
STUDENT LOAN OFFICER
1 S DEARBORN
CHICAGO    IL 60680
CODE # 802903    (312) 263-1888

7/5/89

**SCHOOL NAME, ADDRESS**
LOOP COLLEGE, CCC
FINANCIAL AID OFFICER
30 E LAKE
CHICAGO    IL 60601
CODE # 001652

0789541

## Federal Truth in Lending Compliance Statement

| INTEREST RATE | AMOUNT FINANCED | Late Charge: | If a payment is late, (10 days or more), you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: | If you pay off early, you |
| 8 % | $2,500.00 | [ ] may  [X] will not | have to pay a penalty |
| | | [ ] may  [X] will not | be entitled to a refund of part of the finance charge. |

See the reverse side for any additional information about nonpayment, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

e means an estimate

### Itemization of the Amount Financed

NOTE 1 OF 1

Loan Amount . . . . . . . . . $ 2,500.00
Less:
  Insurance Premium . . . $ 18.72    1% (SEE REVERSE
  Origination Fee . . . . . $ 125.00    5% OF LOAN AMOUNT
Amount of loan check . . $ 2,356.28

### PROMISE TO PAY STATEMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than **6** months ("the grace period") after **05/87**, or the month I either leave school or cease to carry at least one-half the normal academic workload (whichever first) at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.

1. The U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay the myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except for the interest accrued on this loan prior to the repayment period and which was payable by the Secretary. The Secretary will pay the interest that accrues period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations guarantor governing the GSLP.

For value received I, **MICHAEL    WILLIAMS** (the
promise to pay to **CITICORP SAVINGS, A FEDERAL S AND L ASSOCIATION**
or to a subsequent holder of this Promissory Note, all of the principal sum of $ **2,500.00**, to the extent it is advanced to me amount equivalent to simple interest on this sum at the rate of **8** percent per year. If I fail to pay any of these amounts when due, I will also pay all charges, and other costs – including attorney's fees – that are permitted by Federal law and regulations collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

NOTICE OF GUARANTEE TO THE LENDER:

WILLIAMS    MICHAEL
250 W 110TH ST
CHICAGO    IL 60628

| School Term Dates: From: | To: | Insurance Premium From: | To: |
|---|---|---|---|
| 08/86 | 05/87 | 03/01/87 | 11/30/87 |

PLAINTIFF'S EXHIBIT NO. B

| Amount Guaranteed | Reduction Code | Academic Level | Amount Guaranteed At Academic Level | Amount Guaranteed To Date | Anticipated Date of Graduation |
|---|---|---|---|---|---|
| 2,500.00 | NONE | SOPHOMORE | 2,500.00 | 2,500.00 | 05/30/87 |

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE INCLUDING ALL DISCLOSURES AND MY RIGHTS AND RESPONSIBILITIES. THERE ARE NO BLANK SPACES ON THIS NOTE ABOVE SIGNATURE. I AUTHORIZE THE USE OF MY SOCIAL SECURITY ACCOUNT NUMBER ON THIS NOTE AND THE OBTAINING AND GIVING OF CREDIT REPORTS ON ME IN CONNECTION WITH THIS LOAN. I AUTHORIZE MY SCHOOL AT ANY TIME TO RELEASE INFORMATION CONCERNING MY USE OF THE LOAN FUNDS. I HAVE RECEIVED AN EXACT COPY OF THIS NOTE.

*Michael Williams* (signature)
Signature of Maker

Date Signed: 1/2/87
Estimated Date of Disbursement: 01/198_

LENDER COPY

PRINTED BY AUTHORITY OF THE STATE
ISSC/ED-888-2/84

**SECURITY INTEREST:**
All of my funds and property now or later in your ct_____ in transit, shall be subject to a lien for my unpaid liabilities to you, and upon occu_____ of a default hereunder, you shall have the right to off-set against such funds and property.

**PREPAID FINANCE CHARGE:**
A. INSURANCE PREMIUM: I agree to pay to you the Insurance Premium shown on the front of this note in the itemization of the Amount Financed, on the date the loan proceeds are disbursed. I understand that you must pay the ISSC this Insurance Premium to obtain guarantee of this note. I further understand that this Insurance Premium is equal to an amount which does not exceed 1/12 of 1% of the loan amount for each month between the Insurance Premium dates shown on the front side. I further acknowledge that no part of this Insurance Premium is refundable after I have endorsed the check which represents the proceeds of the loan.
B. ORIGINATION FEE: I agree to pay to you the Origination Fee, shown on the front of this note, on the date the loan proceeds are disbursed. This Origination Fee is the amount authorized by Federal law. I understand that this Origination Fee is not refundable after I have endorsed the check which represents the proceeds of the loan.

**1. REPAYMENT:**
I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Guaranteed Student Loan (GSL) or Auxiliary Loans to Assist Students (ALAS) outstanding, we—pay toward principal and interest at least $600 or the unpaid balance, whichever is less of the total amount owing to all holders of my or our GSL and ALAS loans.
C. Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-,10-, and 15-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**DEFAULT:**
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for Deferment and interest benefits. Under the guarantee agency regulations, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**AGREEMENTS:**
Before funds are disbursed, I must sign this note which includes the Borrower's Rights and Responsibilities. The loan proceeds must be forwarded to the school not earlier than 30 days prior to the beginning of the school term dates. (Under no circumstances should the lender disburse funds directly to me.) You and I agree that the maturity dates of all my other Promissory/Interim Notes held by you and guaranteed by the Illinois State Scholarship Commission (hereinafter referred to as ISSC) shall be extended to the maturity date of this note. I agree to observe and comply with all rules and regulations of the ISSC relating to this guaranteed loan and to inform you of my enrollment status, or my name or address. I further authorize you to obtain enrollment and address information from any of the officers or agents of the educational institution in which I intend to become enrolled, am enrolled, or was enrolled. As a condition of this note, I agree that any subsequent legal proceedings, necessary to enforce the obligation of the ISSC, may be instituted in the County of Cook, State of Illinois...

...ject thereto, notwithstandin_____ the time such proceedings are instituted, I may reside in a County other than _____ unty. If I fail to make any payments when they are due, I will also pay all char_____ d other costs—including, but not limited to, reasonable attorney's fees and collection costs—incurred for the collection and/or enforcement of this note.

**ACCELERATION PROVISION:**
Upon the occurrence of any of the following events of default, this note shall, at your option, become immediately due and payable: (1) I fail to make payments when due, or any installment of interest, unless you agree to allow the accrued interest to be capitalized as part of the principal amount; or (2) the filing of a petition in bankruptcy; or (3) I make a false representation in any material respect on the loan application. All such representations contained in my loan application are incorporated herein by reference and made a part hereof. In the event of acceleration, interest shall continue to accrue on any unpaid balance. I hereby waive demand and presentment for payment and notice of dishonor.

**DEFERMENT:**
Payment of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or vocational school that is operated by an agency of the federal government (e.g., the service academies);
   C. A graduate fellowship program approved by the U.S. Secretary of Education (Secretary); or
   D. A rehabilitation training program for disabled individuals approved by the Secretary.
2. For periods not exceeding 3 years for each of the following while I am—
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services;
   B. Serving as a Peace Corps Volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
   D. Serving as a full-time volunteer for an organization exempt from federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; or
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. Pursuing at least a half-time course of study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States) prior to the termination of my grace period.
5. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**PAYMENT BY DEPARTMENT OF DEFENSE**
Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note). Questions concerning the program should be directed to the local Service recruiter. The program described is a new program and does not apply to prior service individuals or those not eligible for enlistment in the Armed Forces.

_[signature: Eileen _____, Vice President]_

**BORROWER'S RIGHTS AND RESPONSIBILITIES**

**1. THE YEARLY AND CUMULATIVE MAXIMUM AMOUNTS THAT MAY BE BORROWED**

| Category of Borrower | Loan Limit per Academic Level | Aggregate Loan Limit |
|---|---|---|
| Undergraduate | $2,500 | $12,500 |
| Graduate or Professional | $5,000 | $25,000 (including undergraduate loans) |

NOTE: These maximums apply to the *entire* Guaranteed Student Loan Program. Borrowers receiving loans from more than one lender should make sure that each lender is aware of all other Guaranteed Student Loans.

**2. THE TERMS ON WHICH REPAYMENT WILL BEGIN**
A. If I have an outstanding student loan bearing an interest rate of 7% or less, I am entitled to a 9 month grace period prior to beginning repayment of my loan. If I have an outstanding student loan bearing an interest rate of 8% or 9%, I am entitled to a 6 month grace period prior to beginning repayment of my loan.
B. My grace period will begin on the day after I graduate or cease to be enrolled at least half-time at an eligible educational institution. I realize that I may choose to waive part or all of my grace period. If I choose to do so, I must submit a written request to you. I understand that upon receipt of the repayment schedule and disclosure statement I am to begin repayment accordingly.
C. I understand that my first payment will be due within 30 days of the end of my grace period.

**3. THE MAXIMUM NUMBER OF YEARS IN WHICH THE LOAN MUST BE REPAID**
A. I am aware that you will offer me repayment terms of at least 5 years, and not to exceed 10 years, provided that the $600 minimum annual repayment requirement is fulfilled.
B. During my grace period, I may, if I choose and you agree, request in writing a repayment period shorter than 5 years. However, if I find later that I cannot meet these larger payments, then you must rewrite the repayment schedule to allow me a total repayment period of 5 years.

**4. THE INTEREST RATE THAT WILL APPLY, AND THE MINIMUM AMOUNT OF REQUIRED MONTHLY OR OTHER PERIODIC PAYMENTS**
A. I understand that if I have an outstanding guaranteed student loan bearing an interest rate of 7%, 8% or 9% or less on the date I sign the note for this loan, this loan and any subsequent loans I may obtain will also be at the same rate I have on my outstanding loan(s).
B. I understand that if I am borrowing for the first time and for a period of instruction which begins on or after 9/13/83, this loan and any subsequent loans I may obtain will be at an 8% interest rate.
C. Subject to the amount I borrow, the minimum monthly payment that I must pay is at least $50. If both my spouse and I have guaranteed loans outstanding, the combined payment must be at least $50 to all holders of my/our guaranteed student loans.
D. If I am eligible for federal interest benefits, the federal government will pay the interest that accrues on the loan both before the repayment period, during any authorized deferment period, and during the 6 month post-deferment extension period, and you may not collect or attempt to collect this interest from me.

**5. RIGHTS OR OPTIONS I MAY HAVE FOR DEFERMENT, CANCELLATION, PREPAYMENT, CONSOLIDATION OR OTHER REFINANCING OF THE LOAN**
A. If I meet certain requirements, I have the right to defer payments on the loan as set forth under DEFERMENT in the note. Also, I may have a right to a 6 month post-deferment ex_____ tion after each period of authorized deferment, except for those loans disbursed on or after 10/1/81.
B. If you sell the loan or otherwise transfer the right to receive payment, I must be sent a clear notification which spells out my obligation to the party to which my loan was sold.
C. My loan obligation will be cancelled if I become totally and permanently disabled or I die. The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part if I become a teacher.
D. I have the right to an early repayment of the whole loan, or any portion of the loans, at any time without penalty.
E. If I am willing, but financially unable, to make payments under my repayment schedule, I may request you to allow for any of the following: (1) a short period during which I make no payments; (2) an extension of time for making payments; or, (3) the making of smaller payments than were scheduled originally. However, you are not required to approve my request.
F. Consolidation or refinancing options may be available for GSLP and other educational loan programs. For further information, contact the ISSC.

**6. A DEFINITION OF DEFAULT AND THE CONSEQUENCES TO ME IF I SHOULD DEFAULT, INCLUDING A DESCRIPTION OF ANY ARRANGEMENTS MADE WITH CREDIT BUREAU ORGANIZATIONS**
Default occurs when I fail to make an installment payment when due or to meet other terms of the note under circumstances where the State of Illinois finds it reasonable to conclude that I no longer intend to honor the obligation to repay. If I default, you will ask the State of Illinois to purchase my loan, at which time I will owe the entire balance of the loan directly to the State of Illinois. The lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau.

**7. A STATEMENT CONCERNING THE EFFECT, TO THE EXTENT PRACTICABLE, WHICH THIS LOAN WILL HAVE ON MY ELIGIBILITY FOR OTHER FORMS OF STUDENT ASSISTANCE**
I should investigate the availability of other forms of financial aid with my school's financial aid administrator. It may be to my benefit to determine my eligibility for grants, work-study funds, and other sources of assistance before applying for a student loan. I understand that the receipt of a GSL may eliminate or reduce any funds that I may receive from other programs.

**8. BORROWER'S RESPONSIBILITIES**
A. I must use the proceeds that I receive from this loan for tuition and other reasonable and authorized expenses including room, board, fees, books, supplies, equipment, laboratory, transportation and commuting, all of which must be incurred only for the purposes of attending the school named and for the period indicated on the loan application.
B. I must notify you promptly, in writing, if any of the following events occur before the loan is repaid: (1) my failure to enroll in school for the period for which the loan was intended; (2) my withdrawal from school or my attendance in school on less than a half-time basis; (3) my transfer from one school to another school; (4) my graduation; (5) change of my name (e.g., maiden name to married name); and (6) a change of my address.

NOTE: If the lender has terms or conditions which differ from the above, these terms or conditions must be provided to me in writing.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
### Civil Cover Sheet 01C 5006

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

MAGISTRATE JUDGE KEYS
MAGISTRATE GENERAL

**Plaintiff(s):** UNITED STATES OF AMERICA

County of Residence:

Plaintiff's Atty: Margaret Keen
TELLER, LEVIT & SILVERTRUST, P.C.
Attorney for Plaintiff
11 East Adams Street
Chicago, IL 60603
312-922-3030

**Defendant(s):** Michael J. Williams
250 W. 110th St.
Chicago, Il 60628

County of Residence:

Defendant's Atty: ---

FILED
JUN 29 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED
JUN 29 2001

**II. Basis of Jurisdiction:** 1 U.S. Gov't Plaintiff

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff: - N/A
Defendant: - N/A

**IV: Origin:** 1. Original Proceeding

**V: Nature of Suit:** 152 Student Loan - non VA

**VI: Cause of Action:** Dept. of Education defaulted student loan pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087-1087ii

**VII: Requested in Complaint**
Class Action: No
Dollar Demand: $5,358.74
Jury Demand: No

**VIII.** This case **Is Not** a refiling of a previously dismissed case. (If yes case number ___ by Judge ___)

Signature: Margaret M Keen

Date: June 29, 2001

Revised: 03/10/99


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**FILED** JUN 29 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

Case Number: 01C 5006

MAGISTRATE JUDGE KEYS

In the Matter of

UNITED STATES OF AMERICA, PLAINTIFF,
v.
MICHAEL J. WILLIAMS, DEFENDANT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

UNITED STATES OF AMERICA, PLAINTIFF           MAGISTRATE GENERAL

DOCKETED JUN 29 2001

| (A) | (B) |
|---|---|
| SIGNATURE: *Margaret M. Keen* (signed) | SIGNATURE: |
| NAME: Margaret M. Keen | NAME: |
| FIRM: Teller Levit & Silvertrust | FIRM: |
| STREET ADDRESS: 11 East Adams, #800 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-922-3030 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6256183 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.